IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROLAND H. WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV01-274-S-MHW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| RALPH TOWNSEND, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are the following motions: (1) Plaintiff's Motion to Augment the Complaint (Docket No. 41); (2) Defendants' Motion to Take Deposition of Inmate (Docket No. 43); (3) Plaintiff's Motion for Summary Judgment (Docket No. 46); and (4) Plaintiff's Motion for Judicial Declaration (Docket No. 47). The parties consented to the jurisdiction of a Magistrate Judge to determine this matter, in accordance with 28 U.S.C. § 636 (c) and Fed. R. Civ. Proc. 73.

Having carefully reviewed the record and the briefing on the motions, the Court will deny Plaintiff's pending motions, and grant Defendants' motion to take Plaintiff's deposition. The Court will also issue a scheduling order for the case.

**ORDER  1**

I.

BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC). He is presently incarcerated at the Idaho State Correctional Institution (ISCI). He filed his lawsuit against the following individuals: (1) Ralph Townsend; (2) Warden Klauser; and (3) Dr. Stock. Plaintiff is suing the individual Defendants under 42 U.S.C. § 1983. Plaintiff was informed in the IDOC Defendants' Answer that Defendant Townsend no longer works for the IDOC, and that Defendant Klauser is deceased. In the Answer filed by counsel for CMS, there is no mention of Dr. Stock. Therefore, the Court will request clarification as to whether their law firm represents Dr. Stock.

Plaintiff is also bringing suit against the IDOC and Correctional Medical Services (CMS) under the Americans with Disabilities Act (ADA), Title II, 42 U.S.C. § 12131-34, and the Rehabilitation Act of 1973 (Rehabilitation Act).

Plaintiff claims that he suffers from chronic pain due to a leg and back injury. He alleges that Defendants failed to provide adequate medical care for his leg and back pain. He further claims that Defendants have failed to comply with ADA accessibility guidelines, and they are discriminating against him on the basis of his alleged disability.

II.

ORDER  2

## PENDING MOTIONS

### A. Plaintiff's Motion to Augment the Complaint

Plaintiff filed a motion and memorandum, requesting to supplement the Complaint. It appears that Plaintiff is attempting to add some additional Defendants to the lawsuit. He has listed Prison Health Services, along with the State of Idaho and state agencies, as Defendants being sued in their "official capacity." *Docket No. 41*, p. 3. He also lists numerous individuals like the Governor of Idaho, the Director of the Idaho Board of Corrections, the Warden of ISCI, the Director of CMS, and unidentified nurses and doctors as potential Defendants in the lawsuit. Plaintiff alleges that these individuals are being sued in their individual capacities. *Id*., p. 4. Plaintiff claims that he will add the names of these individuals after conducting discovery on the § 1983 and ADA claims. The motion does not link any of the potential new Defendants to the alleged violations under the ADA or § 1983.

The Court is unsure exactly what Plaintiff is trying to accomplish with this motion. It appears that he may be attempting to merely supplement the record with additional information. In the event Plaintiff is requesting leave to file an amended complaint in this action, he must file a motion and attach a copy of the proposed amended complaint. All of the allegations against the Defendants must be included in the amended complaint. The Court will then determine whether Plaintiff will be authorized to proceed with the claims against the named Defendants. Plaintiff is advised that he must include the actual names of the Defendants against whom he is trying to proceed.

**ORDER  3**

It also appears that Plaintiff may be requesting the opportunity to conduct discovery in order to determine the names of individuals who allegedly violated his rights. For example, the motion requests copies of "concerns, grievances, and letters; and medical request forms, complaints." *Docket No. 41*, p. 6. In order to obtain copies of documents that are relevant to this lawsuit, Plaintiff must send formal discovery requests to Defendants. In the event a dispute arises as to requested documents, Plaintiff may file a motion to compel responses to the document requests. Accordingly, the Court will provide a pre-trial scheduling order that will govern the discovery in this case.

Plaintiff also requests copies of all cases cited in Defendants' briefs. It also appears that he is asking the Court to supply copies of cases and statutes. The Court will not supply copies of cases and statutes to Plaintiff, nor will Defendants be ordered to provide these documents to Plaintiff. The Court does not expect pro se litigants to provide their own legal research for their cases, and, therefore, it is not necessary for Plaintiff to receive copies of the documents he has requested. Based on the foregoing, Plaintiff's Motion to Augment the Complaint is denied.

### B. Defendants' Motion to Take Deposition

Defendants' counsel requests an order authorizing them to depose Plaintiff. The Court will grant this request, and to the extent additional inmates' depositions will be taken in this action, the Court also authorizes those to proceed. Plaintiff shall cooperate in attending his deposition as scheduled by Defendant's counsel. Counsel shall give Plaintiff and the other parties at least ten (10) days' written notice of the date, time and

**ORDER  4**

place of all depositions. All counsel and parties may participate in the depositions.

Plaintiff shall cooperate in providing appropriate responses to counsel's questions in his deposition. Plaintiff should be aware that the scope of discovery is broader than the scope of evidence admissible at trial. The parties and counsel shall be professional and courteous to one another during the depositions. The court reporter, who is not a representative of Defendants, will be present to record all of the words spoken by Plaintiff (or other deponent), counsel, and any other persons at the deposition. If Plaintiff (or another deponent) wishes to ensure that the court reporter did not make mistakes in transcribing the deposition into a written form, then he can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what he believes he said.

Based on the foregoing, Defendants' request to take Plaintiff's deposition is granted.

**C. Plaintiff's Motion for Summary Judgment**

Plaintiff filed a motion requesting the issuance of an order for summary judgment based on Defendants' "procedural default." Plaintiff claims that Defendants failed to file a response to the Motion to Augment the Complaint. Therefore, it appears that Plaintiff is requesting an entry of default against Defendants.

The Court ordered Defendants to file an Answer in this case within twenty days of June 24, 2005, and they complied with the Order. Defendants also filed a timely response to Plaintiff's Motion to Augment the Complaint. Therefore, there is no merit to

**ORDER  5**

Plaintiff's claim that he is entitled to a default judgment against Defendants. Based on the foregoing, Plaintiff's Motion for Summary Judgment is denied.

### D.  Motion for Judicial Declaration

Finally, Plaintiff filed a motion requesting that the Court take judicial notice of "undisputable violations." Plaintiff claims that Defendants have failed to remedy violations of the ADA. Plaintiff's motion includes thirty-eight pages of documents relating to the ADA, and he argues that he is entitled to an "instant ruling" on the alleged ADA violations.

Defendants filed an opposition to the motion, arguing that Plaintiff has failed to properly inform the Court of the basis for his motion. The Court agrees with Defendants' characterization of the motion. The purpose of the motion is unclear, and to the extent Plaintiff intends to request summary judgment through this mechanism, he has failed to follow the requirements of Federal Rule of Civil Procedure 56, as well as the District of Idaho Local Civil Rule 7.1. *See Jespersen v. Harrah's Operating Col, Inc.*, 392 F.3d 1076, 1079 (9th Cir. 2004)(the moving party has the burden of informing the court of the basis for a motion and adequately identifying the absence of any genuine issues of material fact). Plaintiff can consult the Prisoner Self-Help Packet for Civil Rights cases which provides a description of the dispositive motion requirements.

Plaintiff attached numerous pages to the motion which are clearly excerpts from other documents. The Court directs Plaintiff to refrain from filing these excerpts in the future. Any motions filed with the Court must clearly contain the basis for the ruling

**ORDER  6**

being requested, and filing page after page of unrelated excerpts from other documents does not adequately inform the Defendants or the Court of the basis for the motion.

Based on the foregoing, Plaintiff's request for a judicial declaration is denied.

### III.

### SCHEDULING ORDER

The Court also finds it appropriate to set a pretrial schedule in this matter. The parties shall adhere to the following schedule:

1. **Completion of Discovery:** All discovery shall be completed on or before June 2, 2006. Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date.

2. **Dispositive Motions:** All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before August 25, 2006. Responsive briefs to such motions shall be filed within thirty (30) days after service of motions. Reply briefs, if any, shall be filed within fourteen (14) days after service of responses. All motions, responses and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho. **Neither party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court. The parties shall not exceed the page limits set forth in the Local Rules. The parties shall not attach exhibits to their filings which are already**

**ORDER  7**

**contained in the Court's record, but shall incorporate such items by reference only.**

3.      **Mediation or Settlement Conference:**  If the parties agree among themselves to participate in mediation or a settlement conference, they may request that the Court offer assistance in selecting a mediator or that the Court set up a settlement conference with Magistrate Judge Boyle.  Such requests can be made at any time prior to a trial setting, but no less than ninety days prior to any trial set in this matter.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Augment the Complaint (Docket No. 41) is DENIED.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion to Take Deposition of Inmate (Docket No. 43) is GRANTED as set forth above.

IT IS FURTHER HEREBY ORDERED that  Plaintiff's Motion for Summary Judgment (Docket No. 46) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Judicial Declaration (Docket No. 47) is DENIED.



DATED: February 16, 2006

Honorable Mikel H. Williams
United States Magistrate Judge

**ORDER  8**