IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ROLAND H. WHEELER,                    )
                                      )
                  Plaintiff,          )       Case No. CV01-274-S-MHW
                                      )
vs.                                   )       **ORDER**
                                      )
RALPH TOWNSEND, et al.,               )
                                      )
                  Defendants.         )
_____)

Pending before the Court are the following motions: (1) Plaintiff's Motion for

Reconsideration (Docket No. 58); (2) Plaintiff's Petition for Permission for Hearing

(Docket No. 59); and (3) Plaintiff's Motion to Stay Deposition (Docket No. 61.  The

parties consented to the jurisdiction of a Magistrate Judge to determine this matter, in

accordance with 28 U.S.C. § 636 (c) and Fed. R. Civ. Proc. 73.[1]

Having carefully reviewed the record and the briefing on the motions, the Court

has determined that Plaintiff's pending motions are without merit and will be denied.

_____

[1] It appears from the Docket that a party to this action has filed an objection to the
jurisdiction of a Magistrate Judge to hear this matter, after previously filing a consent.
Parties may not withdraw their consents without a showing of good cause or under
extraordinary circumstances.  28 U.S.C. § 636(c); *Brook, Weiner, Sered, Kreger &
Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995).

**ORDER  1**

# I.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC).  He is presently incarcerated at the Idaho State Correctional Institution (ISCI).  He filed his lawsuit against the following individuals: (1) Ralph Townsend; (2) Warden Klauser; and (3) Dr. Stock.  Plaintiff is suing the individual Defendants under 42 U.S.C. § 1983.  Plaintiff was informed in the IDOC Defendants' Answer that Defendant Townsend no longer works for the IDOC, and that Defendant Klauser is deceased.  In the Answer filed by counsel for CMS, they did not include Dr. Stock.  CMS informed the Court that they are unaware of an individual named Dr. Stock, and that they will not be representing him or her.

Plaintiff is also bringing suit against the IDOC and Correctional Medical Services (CMS) under the Americans with Disabilities Act (ADA), Title II, 42 U.S.C. § 12131-34, and the Rehabilitation Act of 1973 (Rehabilitation Act).

Plaintiff claims that he suffers from chronic pain due to a leg and back injury.  He alleges that Defendants failed to provide adequate medical care for his leg and back pain.  He further claims that Defendants have failed to comply with ADA accessibility guidelines, and they are discriminating against him on the basis of his alleged disability.

In the Court's previous Order, it granted Plaintiff indigent filing status.  The Court informed Plaintiff that he would be required to pay the filing fee over time.  *Docket No. 40*.  In the same Order, the Court denied Plaintiff's request for appointment of counsel.

**ORDER  2**

Plaintiff now requests reconsideration of the Court's ruling on these two issues.

## II.

## PENDING MOTIONS

### A.  Plaintiff's Motion for Reconsideration and Request for Hearing

Plaintiff requests that the Court waive the filing fee for his case and prevent the IDOC from deducting funds from his inmate trust account for copying costs and postage fees.  Plaintiff claims that he only receives fifty dollars per month in his trust account, and the litigation costs will consume this amount, thereby depriving him of the ability to purchase commissary items.

The Court is unable to grant Plaintiff's request to waive the filing fee.  The Prison Litigation Reform Act (PLRA) specifically provides that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee."  28 U.S.C. § 1915(b)(1).

Further, the PLRA "makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness."  *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) (rejecting a request for a refund of appellate fees after voluntary withdrawal of appeal).  Accordingly, Plaintiff's request for reconsideration of the filing fee Order is denied.

Plaintiff also requested reconsideration of the Court's denial of appointed counsel for his case.  The facts and circumstances in this case have not changed from the time the Court previously denied the appointment of counsel.  Therefore, the Court will not

**ORDER  3**

reconsider the appointment of counsel at this point in the case.  *See Kona Enterprises,*

*Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)(a motion for reconsideration

should not be granted unless the district court is presented with newly discovered

evidence, committed clear error, or if there is an intervening change in the controlling

law).

Plaintiff also filed a Motion for Hearing on the request for reconsideration.  After

reviewing the pending motions and the record in the case, the Court determined that a

hearing on Plaintiff's motions was not necessary in order to decide them.  Based on the

foregoing, the Court denies Plaintiff's request for a hearing.

### B.  Plaintiff's Motion to Stay Deposition

Finally, Plaintiff filed a request to stay his deposition.  The Motion simply states

that his deposition should be taken after he obtains counsel.  As previously set forth, the

Court denied Plaintiff's request for appointment of counsel, and there is nothing in the

record indicating Plaintiff is incapable of representing himself at this stage of the

litigation.

In an effort to allow more time for Plaintiff to locate his own counsel, the Court

will provide for a deposition date no sooner than thirty (30) days from this Order's date.

Plaintiff may contact the Idaho Volunteer Lawyers Program in order to request assistance

from their office in obtaining his own attorney.  Plaintiff's failure to obtain counsel will

not prevent his deposition from being scheduled and completed after the thirty-day time

period.

**ORDER  4**

The Court is aware that its scheduling order provided for a discovery cut-off of June 2, 2006.  It does not appear that the parties will be able to complete discovery according to this schedule.  Therefore, the Court will extend the scheduling deadlines as set forth below.

## III.

## SCHEDULING ORDER

The pretrial schedule is amended as follows:

1.      **Completion of Discovery:**  All discovery shall be completed on or before **August 4, 2006.**  Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date.

2.      **Dispositive Motions:**  All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **October 13, 2006.**  Responsive briefs to such motions shall be filed within thirty (30) days after service of motions.  Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  All motions, responses and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho.  **Neither party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court.  The parties shall not exceed the page limits set forth in the Local Rules.  The parties shall not attach exhibits to their filings which are**

**ORDER  5**

**already contained in the Court's record, but shall incorporate such items by reference only.**

3.      **<u>Mediation or Settlement Conference</u>:**  If the parties agree among themselves to participate in mediation or a settlement conference, they may request that the Court offer assistance in selecting a mediator or that the Court set up a settlement conference with Magistrate Judge Boyle.  Such requests can be made at any time prior to a trial setting, but no less than ninety days prior to any trial set in this matter.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 58) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Petition for Permission for Hearing (Docket No. 59) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Stay Deposition (Docket No. 61) is DENIED.

IT IS FURTHER HEREBY ORDERED that the parties shall adhere to the amended scheduling deadlines set forth above.



DATED:  May 18, 2006

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**ORDER  6**